UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **GARY WAYNE WRIGHT, II,** | } |
| Plaintiff, | } |
| v. | } Case No.: 4:22-cv-00615-RDP |
| **MARSHALL COUNTY ALABAMA, et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on the partial Motion to Dismiss filed by Defendants Marshall County, Alabama; Marshall County Chairman James Hutcheson; Marshall County Commissioners Ronny Shumate, Rick Watson, Lee Sims, and Joey Baker; Marshall County attorney Clint Maze; Marshall County employee Rhonda McCoy; and Marshall County Sheriff Phil Sims. (Doc. # 14). The Motion is fully briefed (Docs. # 15, 21, 22, 26) and ripe for review. For the reasons explained below, the Motion is due to be granted.

## BACKGROUND

Plaintiff, Gary Wayne Wright II, is a disabled veteran and long-time resident of Marshall County, Alabama who describes himself as "an activist who frequently gives speeches, meets with elected officials, and attends peaceful protests throughout the area." (Doc. # 1 ¶¶ 24, 21). In the past, Plaintiff has peacefully protested at various courthouses, both in and outside Marshall County. (*Id.* ¶ 26).

Plaintiff, however, claims that his protesting efforts were stymied after Marshall County enacted a Picketing Resolution ("Resolution") on December 20, 2022. (*Id.* ¶ 13). Plaintiff claims that the "Resolution is unconstitutionally vague as written, and was solely intended to abridge,

burden, and chill the exercise of the civil rights of local citizens." (*Id.* ¶ 15). Plaintiff argues that "[b]ecause of [his] disabilities, the inaccessibility of these locations for the disabled, and the overreaching restrictions of the Picketing Resolution[,] he has been unable to freely exercise his civil rights in Marshall County since he [became] aware of the Resolution." (*Id.* ¶ 35). Plaintiff identifies several dates on which claims he wished to protest but was unable to do so because of the Resolution. (*Id.* ¶¶ 37-39).

Additionally, Plaintiff alleges that members of the Marshall County Commission and other Marshall County employees engaged in a conspiracy to create and use the Resolution to defend allegedly unlawful behavior by Marshall County employees. (*Id.* ¶¶ 34, 77-82). According to Plaintiff, this purported conspiracy began when Defendant Rhonda McCoy, a Marshall County employee, "assaulted a protester during a peaceful sit-in demonstration at the Marshall County Courthouse cafeteria." (*Id.* ¶ 33). That employee faced criminal charges for her actions, and Plaintiff attended her trial. (*Id.* ¶ 32). Plaintiff believes that the Marshall County Commission passed the Resolution "out of animus" in order to use it to defend McCoy's assault of the protester. (*Id.* ¶ 34). He claims that, although the Resolution was passed after the incident in the cafeteria occurred, members of the Commission conspired to misrepresent the Resolution as being passed prior to those events so that they could "abuse it in court . . . to defend the unlawful actions of their employee . . ." (*Id.*). Plaintiff's only connection to this alleged conspiracy is that he watched a video of the alleged assault and attended McCoy's trial. (*Id.* ¶¶ 32-24).

Plaintiff asserts five claims. Counts One, Two, and Three allege that the Resolution violates the First Amendment to the United States Constitution by abridging Plaintiff's freedom of speech and denying Plaintiff's right to peaceably assemble and petition the government for redress of grievances. (*Id.* ¶¶ 50-70). Count Four alleges that "Marshall County violated [Plaintiff]'s

Fourteenth Amendment Right by denying him liberty and privileges without due process of law." (*Id.* ¶ 73). Count Five alleges that "Marshall County and its employees engaged in a conspiracy to deprive civil rights" in violation of 42 U.S.C. § 1985(3). (*Id.* ¶ 77).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

When considering a motion to dismiss, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual

allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

The court is mindful that "[p]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## DISCUSSION

**I.  Counts One, Two, and Three (Violation of the First Amendment) are due to be dismissed against all Defendants except Marshall County and Sheriff Phil Sims in his official capacity.**

In Counts One, Two, and Three, Plaintiff alleges that the Resolution violates the First Amendment right to freedom of speech, assembly, and petition, respectively. (Doc. # 1 ¶¶ 50-70). Defendants concede that Plaintiff may proceed with these claims against Marshall County and Sheriff Phil Sims in his official capacity. (Docs. # 14 at 1; 15 at 11-12). However, they assert that Plaintiff fails to state a claim against Marshall County attorney Clint Maze; Marshall County employee Rhonda McCoy; and Marshall County Sheriff Phil Sims, in his individual capacity, because Plaintiff has not alleged any causal connection between those Defendants and the Resolution. Further, they also contend that Plaintiff fails to state a claim against the Marshall County Chairman and Commissioners because those Defendants enjoy legislative immunity.

> **A.     The claims against Clint Maze, Rhonda McCoy, and Sheriff Phil Sims (in his individual capacity) are due to be dismissed because Plaintiff has not sufficiently alleged that those Defendants caused any First Amendment violations.**

Title 42 U.S.C. Section 1983 provides a private cause of action against any person who, "under color of" state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To succeed in a § 1983 claim, a plaintiff must prove that the defendant actually caused the alleged constitutional violation. *O'Kelley v. Craig*, 781 F. App'x 888, 895 (11th Cir. 2019) ("It is well established that § 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation.") (citations and internal quotations omitted). To establish causation in a § 1983 action, a plaintiff must show that the defendant either: (1) was personally involved in the actions that caused the constitutional violation; (2) created a policy or custom that caused the violation; or (3) breached a legal duty and thereby caused the injury. *Fikes v. Abernathy*, 793 F. App'x 913, 919 (11th Cir. 2019) (citing *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)). "[T]he inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation." *O'Kelley*, 781 F. App'x at 895 (quoting *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982)). Further, when defendants are sued in their individual capacities for damages, "the causation inquiry must be more refined and focused than that undertaken . . . where only declaratory and injunctive relief [are] sought[.]" *Williams*, 689 F.2d at 1383.

Here, Plaintiff has not sufficiently alleged causation as to Maze, McCoy, and Sims. Counts One, Two, and Three challenge the enactment of the Resolution, but Plaintiff does not identify any actions taken by Clint Maze, Rhonda McCoy, or Sheriff Sims relating to the Resolution, nor does he allege any causal connection between any action or inaction of these Defendants and the passage

of the Resolution. Thus, Plaintiff fails to state a claim upon which relief may be granted, and his claims in Counts One, Two, and Three against Clint Maze, Rhonda McCoy, and Sheriff Sims (in his individual capacity) are due to be dismissed.

Having said that, the court notes that Defendants concede that Plaintiff's allegations "could be construed as valid claims against Sheriff Sims in his official capacity to the extent that they seek an injunction against future enforcement action." (Doc. # 15 at 11-12). The court agrees. Therefore, Plaintiff may maintain his claims against Sheriff Sims in his official capacity.

> **B.    The claims against the Marshall County Chairman and Commissioners are due to be dismissed because these Defendants have legislative immunity.**

It is well settled that legislators enjoy absolute § 1983 immunity when performing legislative functions. *See, e.g., Tower v. Glover*, 467 U.S. 914, 920 (1984); *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982); *Bryant v. Jones*, 575 F.3d 1281, 1304 (11th Cir. 2009); *Ellis v. Coffee Cnty. Bd. of Registrars*, 981 F.2d 1185, 1190 (11th Cir. 1993). This immunity extends to state, regional, and local legislators. *Bryant*, 575 F.3d at 1304 (citing *Tenney v. Brandhove*, 341 U.S. 367, 376-79 (1951) (state); *Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391, 404 (regional); *Woods v. Gamel*, 132 F.3d 1417, 1419 (11th Cir. 1998) (local)). Moreover, adjuncts to a legislative body, such as lawyers or aides, also enjoy absolute immunity when "engaged within a legitimate sphere of legislative activity." *Ellis*, 981 F.2d at 1192. In other words, an adjunct enjoys absolute immunity when performing a function that, if performed by a member of the legislative body, would be protected. *Id.* (citing *Gravel v. United States*, 408 U.S. 606, 618 (1972)). This includes actions that are "an integral part of the deliberative and communicative processes . . . by which [legislators] participate in . . . proceedings with respect to the consideration and passage or rejection of proposed legislation." *Smith v. Lomax*, 45 F.3d 402, 405

(11th Cir. 1995) (quoting *Gravel*, 408 U.S. at 625) (alteration in original); *Bryant*, 575 F.3d at 1304-05; *Ellis*, 981 F.2d at 1192.

Voting for an ordinance is a "quintessentially legislative" act. *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998); *Macuba v. Deboer*, 193 F.3d 1316, 1320-21 (11th Cir. 1999) (finding that county commissioners performed legislative functions when voting to reorganize a county department). Thus, legislative bodies and their aides are entitled to absolute immunity from claims challenging the passage of an ordinance. *See id.*

Here, the Marshall County Chairman James Hutcheson and the Marshall County Commissioners—Ronny Shumate, Rick Watson, Lee Sims, and Joey Baker—are entitled to legislative immunity because they performed a legislative activity when they passed the challenged Resolution. Therefore, "[n]either the motives behind the legislative activity, nor the result of the activity may by questioned by the courts." *Ellis*, 981 F.2d at 1192.[1]

## II. Count Four (Violation of the Fourteenth Amendment) is due to be dismissed for failure to state a claim.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law" U.S. Const. amend. XIV, § 1. There are two categories of due process claims: substantive due process and procedural due process. *See United States v. Salerno*, 481 U.S. 739, 746 (1987); *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Plaintiff has not specified whether he brings a substantive or procedural due

---

[1] Although, as discussed above, Plaintiff failed to allege any causal connection between Commission Attorney Clint Maze and the Resolution, even if Plaintiff were to claim that Maze was somehow involved in the passage of the Resolution, Maze would enjoy legislative immunity as an adjunct to the Marshall County Commission. *See Ellis*, 981 F.2d at 1192 (extending absolute immunity to county attorney who served as legal counsel for county commission).

process claim, but that is of no moment because, under either approach, he has failed to plausibly allege a Fourteenth Amendment violation.

First, Plaintiff may not proceed with a substantive due process claim because "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Echols v. Lawton*, 913 F.3d 1313, 1326 (11th Cir. 2019). When "a specific constitutional provision covers a plaintiff's claim, the requirements of that provision 'are not to be supplemented through the device of substantive due process.'" *Id.* (quoting *Albright v. Oliver*, 510 U.S. 266, 276 (1994) (Scalia, J., concurring)) (cleaned up). Here, it is the First Amendment that specifically protects Plaintiff's right to freedom of speech, assembly, and petition; therefore, the First Amendment, not the Fourteenth, governs his claims. Therefore, Plaintiff cannot assert a Fourteenth Amendment due process claim based on these allegations.

A procedural due process claim is also inappropriate in this case. It is true that procedural due process "encompasses . . . a guarantee of fair procedure." *Schultz v. Alabama*, 42 F.4th 1298, 1332 (11th Cir. 2022) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). However, a plaintiff may not challenge a legislative act under the Due Process Clause because an individual is "not entitled to procedural due process above and beyond that which is already provided by the legislative process." *75 Acres, LLC v. Miami-Dade Cnty.*, 338 F.3d 1288, 1293 (11th Cir. 2003). Here, Plaintiff's claims challenge the constitutionality of the Resolution; he makes no non-conclusory, factual allegations that could support a Due Process claim. Thus, Count Four fails to state a claim for relief and is accordingly due to be dismissed.

### III. Count Five (Conspiracy to Deprive Civil Rights) is due to be dismissed because Plaintiff lacks standing to pursue this claim.

Standing is the "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Id.* Article III of the Constitution limits the federal judicial power to cases and controversies. *Id.*; U.S. Const. art. III, § 2. "A plaintiff has Article III standing only if he can demonstrate he suffered (1) an injury in fact that is both (2) fairly traceable to the defendant's conduct and (3) likely redressable by a favorable decision." *Banks v. Sec'y, Dep't of Health & Hum. Servs.*, 38 F.4th 86, 92 (11th Cir. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

"To establish an injury in fact at step one, the plaintiff must demonstrate that [he] suffered an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Laufer v. Arpan LLC*, 29 F.4th 1268, 1272 (11th Cir. 2022) (cleaned up). "A concrete injury must be real, and not abstract, but can be either tangible or intangible." *Id.* "A particularized injury is one that affects the plaintiff in a personal and individual way." *Id.*

In Count Five, Plaintiff alleges that "Marshall County and its employees" conspired to "deprive the civil rights of all voices of dissent" in violation of 42 U.S.C. § 1985(3).[2] (Doc. # 1 ¶¶

---

[2] Section 1985(3) provides: "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

77-78). Plaintiff's conspiracy allegations arise out of an incident at the Marshall County courthouse, where Defendant Ronda McCoy, a Marshall County employee, allegedly assaulted a protestor during a peaceful sit-in demonstration in the courthouse cafeteria. (*Id.* ¶ 32-33). Plaintiff claims that members of the Commission created and passed the Resolution for the purpose of using it to defend McCoy's actions in court. (*Id.* ¶ 34). Plaintiff speculates that, although the Resolution was passed after the assault, Defendants attempted to misrepresent the Resolution by leaving it undated and claiming it was passed prior to the assault. (*Id.*). But, Plaintiff's only connection to these events is that he saw a video of the assault on social media and attended McCoy's trial. (*Id.*). He has failed to allege any facts that would show how he personally was injured by these events.

Plaintiff does claim that because he observed how the Defendants used the Resolution in court inappropriately he has "a very credible fear the [R]esolution will be maliciously abused against future protestors, even if they attempt to be compliant with the Resolution." (Doc. # 22 ¶ 45). However, this is insufficient to establish standing because it is "conjectural and hypothetical," rather than "actual or imminent," or "concrete or particularized." *See Laufer*, 29 F.4th at 1272.

Therefore, Plaintiff lacks standing to proceed with his § 1985 claim, and Count Five is due to be dismissed.[3]

## CONCLUSION

For the foregoing reasons, Defendants' partial Motion to Dismiss (Doc. # 14) is due to be granted. Specifically, Counts One, Two, and Three are due to be dismissed against all Defendants except for Marshall County and Sheriff Phil Sims, in his official capacity only. Count Four is due

---

[3] In addition to his Response to the Motion to Dismiss, Plaintiff filed a separate "Brief on 42 U.S.C. § 1985(3) Conspiracy" that raises allegations relating to Count Five that were not included in his Complaint. (Doc. # 22). However, parties may not amend pleadings through briefings. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). Furthermore, the court has reviewed the brief and finds that, even if these additional allegations were included in Plaintiff's Complaint, the court's holding would not change: Plaintiff lacks standing to bring Count Five.

to be dismissed in its entirety, against all Defendants. Likewise, Count Five is also due to be dismissed in its entirety, against all Defendants. A separate order will be entered.

      **DONE** and **ORDERED** this January 6, 2023.

                                                  _____
                                                  R. DAVID PROCTOR
                                                  UNITED STATES DISTRICT JUDGE