**FILED**
2023 Sep-07 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

GARY WAYNE WRIGHT, II )
)
    Plaintiff )
)
v. )    Civil Case No.: 4:22-CV-615-RDP
)
MARSHALL COUNTY, ALABAMA, et al. )    Claim of Unconstitutionality
)
    Defendant )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Gary Wayne Wright II ("Wright"), and against the Defendant, Marshall County, Alabama ("Marshall County"), their employees, agents, and successors in office, and in support therefor states as follows:

## PARTIES

1. Plaintiff Wright is an individual above the age of nineteen (19) years old.

2. Defendant #1 is Marshall County, Alabama, acting by and through the Marshall County Commission ("County Commission").

3. Defendant #2 is Marshall County Alabama Sheriff Phil Sims, in his official capacity.

## NATURE OF THE ACTION

4. When members of the community assembled and peaceably protested local police violence, they were met only with more police violence and intimidation from public officials.

5. When peaceful members of the community were unable to address their other grievances against the local government agencies, they began to organize regular weekly protests, as well as hold immediate protests in response to current events.

6.    In response to the local organizing efforts and peaceful protests, on December 20th, 2020, Marshall County passed an unconstitutional Picketing Resolution ("2020 Resolution") that is signed but undated, and posted it to the county website MarshallCo.org.

7.    On Wednesday, July 26th, 2023, the Defendants passed a second Picketing Resolution (**Exhibit "D"**) which expanded the original Resolution to cover all county property.

8.    The Resolutions violate the rights of freedom of speech and assembly as secured by the First Amendment to the United States Constitution, and made applicable to the states through the Due Process Clause of the Fourteenth Amendment.

9.    The Resolutions are unconstitutionally vague as written, and were solely intended to abridge, burden, and chill the exercise of the civil rights of local citizens.

10.    The Plaintiff requests that this Court declare the Resolutions unconstitutional, and enjoin their enforcement.

## JURISDICTION AND VENUE

11.    This Court has federal jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution and laws of the United States.

12.    This Court has jurisdiction to hold individual officers of the state and local government accountable pursuant to 42 U.S.C. § 1983 when they violate civil rights guaranteed by the United States Constitution.

13.    Venue is proper in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2). All parties resided in this district at the time of filing the initial complaint, and all events giving rise to these claims occurred in this district.

## FACTUAL BASIS OF CLAIMS

2

14.  Wright is a citizen of the United States, and resided in Marshall County for over a decade.

15.  Wright is a disabled veteran of the United States Navy who has service-connected Post Traumatic Stress Disorder (PTSD) and is permanently disabled in all four limbs. He requires assistive mobility devices and also has difficulty writing legibly due to his physical disabilities.

16.  Wright was one of the named Alabama marriage equality plaintiffs (*Strawser v. Strange*) who successfully won a permanent federal injunction for previous violations of his constitutional rights by Marshall County employees.

17.  Wright is an activist who frequently gives speeches, meets with elected officials, and attends peaceful protests throughout the area.

18.  Wright is not a member of or affiliated with any organization, and does not get compensated for his activism or protests.

19.  Wright has peaceably protested at the Supreme Court of the United States, the Alabama Supreme Court, the Alabama State House, the Madison County Alabama Courthouse, the Marshall County Alabama Courthouse in Albertville, the Marshall County Alabama Courthouse in Guntersville, and at Guntersville Town Hall.

20.  In response to the most current news events of public interest, activists and community organizers must use the local public government forums (such as courthouses) without delay.

21.  The Marshall County Picketing Resolutions do not allow for such rapid-response organizing, and are an egregious government overreach by placing unnecessary restrictions on the free exercise of civil rights.

22. The protest and counter protest locations must be within sight and sound of the controversy being protested.

23. Wright on March 13th, 2021 protested for the removal of the Confederate monument at the Marshall County courthouse in Albertville, Alabama.

24. Wright on March 15th, 2021 gave a two minute speech before the Guntersville City Council addressing the animus and harmful rhetoric coming from our local public officials, and how it was endangering our local community and driving up the suicide rates of our youth.

25. Wright has on several dates prior to the Picketing Resolutions protested at the Marshall County courthouse and numerous other county facilities in Guntersville, Alabama due to the wrongful death of an inmate while in police custody.

26. After seeing video on social media of an assault that occurred inside the Marshall County Courthouse in Guntersville, Wright on December 20th, 2021 attended the trial of Marshall County employee Rhonda McCoy.

27. McCoy, who is Assistant to the Chairman, assaulted a protester during a peaceful sit-in demonstration at the Marshall County Courthouse cafeteria. Because the victim didn't suffer serious injury, under Alabama law the county employee was convicted of the lesser charge of harassment.

28. A county Picketing Resolution was created and passed out of animus, and it is signed but undated because the members of the commission conspired and attempted to abuse it in court (Case #MC 21-0000023) to defend the unlawful actions of their employee, as well as conspired to deprive civil rights and silence voices of dissent.

4

29. Because of Wright's disabilities, the inaccessibility of these locations for the disabled, and the over-reaching restrictions of the Picketing Resolutions, he has been unable to freely exercise his civil rights in Marshall County since he became aware of the Resolutions.

30. The denial of Constitutional rights to the Plaintiff by the Defendants results in irreparable harm.

31. On Friday, April 8th, 2022, Wright was unable to protest in response to unconstitutional and discriminatory laws passed by the State of Alabama due to the unnecessary procedures and limits of the 2020 Picketing Resolution.

32. Due to the unnecessary procedures and limits of the 2020 Picketing Resolution, on Wednesday April 13th, 2022, Wright was unable to protest with the members of a Marshall County community being denied basic federal, state, and county services due to county road conditions (no emergency vehicles, postal vehicles, or sanitation can access them).

33. During the first week of May 2022, due to the unnecessary procedures and limits of the 2020 Picketing Resolution, while others were gathering at courthouses around the country, Wright was unable to organize a protest of a leaked draft opinion by the Supreme Court of the United States.

34. In June 2022, Wright planned to organize a rapid-response protest when the opinions from the Supreme Court of the United States were published, and was unable to do so with the 2020 Picketing Resolution in place.

35. Because of Wright's PTSD and previous traumatic interactions with numerous Marshall County employees (including a former probate judge), each interaction with government employees who have demonstrated such animus is a furtherance of his traumas, and he is therefore now seeking damages.

## ADDENDUM TO ORIGINAL COMPLAINT

36. On Wednesday, July 26th, 2023, the Defendants passed a second Picketing Resolution (**Exhibit "D"**) which expands the original Resolution to cover all county property.

37. The language of the second Picketing Resolution ("2023 Resolution") makes it clear that the two resolutions specifically target political speech and voices of dissent.

38. Peaceful protests at the courthouses led to the first resolution, and peaceful protests being organized at the county animal shelter[1] and other county locations prompted the 2023 Resolution.

39. Since filing this case, the Defendants have also constructed numerous fences and security barriers to prevent protesters from using public spaces, especially Traditional Public Forums. By making the sidewalks the only space available, it imposes unnecessary barriers to assembly and causes the protests to interrupt business which under these Resolutions carry a penalty (the criminalization of constitutionally protected activity).

40. The Defendants repeatedly change the Forum of the public spaces by opening them up for speech they deem to be favorable[2] as a Designated Public Forum, then again closing the Forum to public speech (Non-Public Forum) to prevent any opposing views and/or protesters.

41. The only reasonable solution is to return all of the monuments to their donors/owners for proper display and reopen the green spaces as public forums.

### BASIS IN LAW

42. In *Freedman v. Maryland* (1965), the Court held a state could not employ unduly cumbersome and time-consuming procedures as a vehicle for denying an individual their constitutional right of expression.

---

[1] https://www.waff.com/2023/07/15/marshall-countys-euthanasia-policy-calls-protest/

[2] Recent erection of Fraternal Order of Police monument and brick sale

43. In *Cox v. Louisiana*, 379 U.S. 536 (1965), the Court affirmed that an otherwise constitutionally valid law regulating public demonstrations can be unconstitutional if the statute grants undue discretion to public officials charged with administering and enforcing the statute.

44. The two Resolutions fail the three prong test of *Ward v. Rock Against Racism* (1989):
- The regulation must be content neutral.
- It must be narrowly tailored to serve a significant governmental interest.
- It must leave open ample alternative channels for communicating the speaker's message.

45. The two Resolutions also have issues with:
- Least Restrictive Means
- Time, Place, and Manner Restrictions
- Prior Restraint on Speech
- Constitutional Vagueness

## PRESUIT COMPLIANCE

46. Wright emailed a Writ to Cure letter to the County Commission on Friday April 8th, 2022 at 11:46 AM. The letter was emailed to commission@marshallco.org but got no response. A copy of said letter is attached to this complaint as **Exhibit "A"** in response to the Marshall County Picketing Resolution (**Exhibit "B"**).

47. Wright personally hand-delivered the Writ to Cure letter to the County Commission Chairman, and provided copies for the county attorney and other members prior to the County Commission work session held on Wednesday, April 13th, 2022.

48. Wright was unable to speak about the issue on April 13th, 2022 because the Commission requires prior written approval using a form (**Exhibit "C"**) that is not available to the public on the county website.

49. Wright filed a formal complaint against the County Commission with the United States Department of Justice Civil Rights Division on Friday April 13th, 2022 at 3:20 PM (Report 150723-JPZ).

50. In a private meeting on Wednesday, April 27th, 2022, Wright met with Chairman Hutcheson to discuss the legality and repeal of the Resolution.

51. On Thursday, April 28th, 2022, Wright submitted a request to speak at the next Commission meeting to discuss the unconstitutionality of the Resolution and to ask for a vote of repeal.

52. On Wednesday, May 11th, 2022, Wright gave a speech in front of the Commission discussing the unconstitutionality of the Resolution, and demanded a vote for repeal of the Resolution.

53. With the failure of the Commission to hold a vote for repeal, all administrative remedies available to Plaintiff were fully exhausted prior to resorting to litigation.

## CAUSES OF ACTION

### COUNT 1: VIOLATION OF THE 1ST AMENDMENT

54. Wright adopts and incorporates the foregoing averments as if set forth fully herein.[3]

55. All of the claims asserted herein derive from and are controlled by Constitution of the United States and substantive law.

56. The First Amendment to the United States Constitution provides that "Congress shall make no law... abridging the freedom of speech..."

57. Marshall County violated Wright's First Amendment right by denying him his ability to freely exercise his right to speak on public property. Wright has suffered and will suffer irreparable harm, including the deprivation of his constitutional rights.

58. The Free Speech Clause of the First Amendment is enforceable pursuant to 42 U.S.C. § 1983.

---

[3]All Exhibits attached hereto are incorporated herein by reference.

59. Article 1 § 4 of the State of Alabama Constitution provides that "no law shall ever be passed to curtail or restrain the liberty of speech... and any person may speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that liberty."

60. The Resolutions unlawfully regulate the time, place, duration, and manner of constitutionally protected speech and assembly in a public forum.

61. The Resolutions create an unreasonable, unnecessary, and disproportionate burden on the free exercise of Plaintiff's rights without any legitimate justification.

62. Defendants are acting under color of state and local law and are liable for their violation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983. Plaintiff faces a credible threat of enforcement and is entitled to declaratory judgment and injunctive relief.

### COUNT 2: VIOLATION OF THE 1ST AMENDMENT

63. Wright adopts and incorporates the foregoing averments as if set forth fully herein.

64. The First Amendment to the United States Constitution provides that "Congress shall make no law... abridging the freedom of speech... or the right of the people peaceably to assemble..."

65. Marshall County violated Wright's First Amendment right by denying him his ability to freely exercise his right peaceably to assemble. Wright has suffered and will suffer irreparable harm, including the deprivation of his constitutional rights.

66. The Freedom of Assembly protections of the First Amendment are enforceable under 42 U.S.C. § 1983.

67. Article 1 § 25 of the State of Alabama Constitution provides that "citizens have a right, in a peaceable manner, to assemble together for the common good, and to apply to those

invested with the power of government for redress of grievances or other purposes, by petition, address, or remonstrance."

68. Defendants are acting under color of state and local law and are liable for their violation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983. Plaintiff faces a credible threat of enforcement and is entitled to declaratory judgment and injunctive relief.

### COUNT 3: VIOLATION OF THE 1ST AMENDMENT

69. Wright adopts and incorporates the foregoing averments as if set forth fully herein.

70. The First Amendment to the United States Constitution provides that "Congress shall make no law... abridging the freedom of speech.. or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

71. Marshall County violated Wright's First Amendment right by denying him the ability to effectively petition the government for a redress of grievances. Wright has suffered and will suffer irreparable harm, including the deprivation of his constitutional rights.

72. The redress of grievances protections of the First Amendment are enforceable under 42 U.S.C. § 1983.

73. Article 1 § 25 of the State of Alabama Constitution provides that "citizens have a right, in a peaceable manner, to assemble together for the common good, and to apply to those invested with the power of government for redress of grievances or other purposes, by petition, address, or remonstrance."

74. Defendants are acting under color of state and local law and are liable for their violation of Plaintiff's First Amendment rights under 42 U.S.C. § 1983. Plaintiff faces a credible threat of enforcement and is entitled to declaratory judgment and injunctive relief.

## INJUNCTIVE RELIEF

75. The Plaintiff will suffer irreparable injury as long as the Resolutions are in effect.

76. Absent injunctive relief, the Plaintiff's constitutional rights will continue to be violated.

77. The public interest demands that all citizens, including the Plaintiff, be able to freely exercise all of the constitutional rights to the full extent guaranteed under both the United States Constitution, and the State of Alabama Constitution.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Wright respectfully requests this Honorable Court award the following relief:

78. A declaratory judgment that the actions described herein deprived the Plaintiff of their rights under federal law.

79. Injunctive relief (temporarily restrain and issue a preliminary and permanent injunction) enjoining Defendants, their employees, agents, and successors from future violations of rights guaranteed by federal law.

80. Compensatory and statutory damages of $10,000.

81. Punitive damages in the amount of $5,000 from each Defendant in their official capacity.

82. Award the Plaintiff his costs, fees, time, and expenses for litigation.

83. Such other additional relief as the Court deems necessary, just, and proper.

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Respectfully submitted this 31st day of August, 2023.

*Gary Wayne Wright II*
*Plaintiff, Pro Se*
3496 Wellington Road
Montgomery, AL 36106-2354
Telephone: (256) 640-7749
Email: Gary@Gary-Wright.com

Dated: 8/31/2023

12

# Exhibit "A"

# <u>Writ To Cure</u>

April 8th, 2022

Marshall County Alabama County Commission
424 Blount Avenue, Suite 305
Guntersville, AL 35976

Re: Courthouse Picketing Resolution

This legal notice is provided to inform the Commission that the signed but
undated so-called "*Picketing Resolution*" is in direct violation of the First
Amendment rights as clearly defined in the United States Constitution, and
through well-established case law.

Citizens have the right to freely protest peacefully on public property,
especially in response to current events. This over-reaching, over-restrictive,
and unlawful resolution was created out of racial animus, as the McCoy court
records show, and this resolution will not survive a constitutional challenge in
federal court.

I strongly advise the Commission to immediately repeal this unconstitutional
resolution before you waste even more taxpayer money!

*If action is not taken within 90 days to fully repeal the resolution, I will
seek further remedies against the county and commission.*

Sincerely,

Gary Wright II
103 Mayberry Lane
Arab, AL 35016
(256) 640-7749
CC: ACLU of Alabama

14

# Exhibit "B"

## RESOLUTION

WHEREAS the County Commission has the authority to direct, control, and maintain property of the county, including the courthouses of the County, pursuant to Title 11, Subtitle 1, Chapter 3, Article 1, Section 11, Alabama Code (1975).

WHEREAS the County Commission is charged with the custody, authority, and duty to regulate the admission of persons and their activities at the County's courthouses pursuant to Title 11, Subtitle 1, Chapter 14, Section 9, Alabama Code (1975).

WHEREAS the County Commission desires to maintain, foster, and create a more harmonious environment at the County's courthouses, consistent and conducive with the functions of the government and the administration of justice.

NOW THEREFORE, BE IT RESOLVED BY THE COUNTY COMMISSION AS FOLLOWS:

1.1     Prohibited Activities.

Any individual, group, or organization shall be prohibited from Picketing within the interior, and any part therein, of the Guntersville and Albertville County Courthouses. Any individual, group, or organization shall be permitted to engage in Picketing in or around the exterior portions or courtyards of the Guntersville and Albertville County Courthouses, provided such activities are in compliance with the provisions of this Resolution and do not interfere with the daily operations of government.

1.2     Picketing Defined

"Picketing" means the peaceful patrolling activity or demonstration by any individuals, groups, or organizations, often including chanting; the use of signs, banners, or flags to convey a message; or handing out flyers, pamphlets, brochures, or leaflets.

1.3     Picketing Prohibited Without Permit

A Person shall not, except with a Permit issued by the Office of the Marshall County Commission Chairman, or except by registration under such conditions as may be provided by this Section, engage in Picketing.

2.1     Registration

Any individual, group, or organization desiring to engage in Picketing activity in or around the exterior of the Guntersville or Albertville County Courthouse shall first register for a permit with the Office of the Marshall County Chairman, or his designee.

a.  Time and Location

The opportunity to Register shall be made available during normal business hours at the Office of the Marshall County Chairman, or his designee, prior to the desired time and date for the proposed Picketing activity. Registration can occur the same day as the proposed Picketing activity.

16

b.  Information

To Register, an interested individual or group shall provide, in writing, the following information:

i.      Individual

If the Picketing shall involve only one person, that person shall specify his or her name and an address and telephone number where he or she can be contacted in the event of an emergency, along with the desired time, day, and duration of the Picketing activity.

ii.     Group/ Organization

If the Picketing shall involve two or more persons who desire to engage in concerted Picketing as a group or organization, the interested registrant shall specify:

1.  The formal group/organization name, or a general reference thereto if there is no formal name.
2.  The number of persons expected to participate in the activity.
3.  The name of an individual designated to act as a spokesperson along with an address and telephone number where he or she can be contacted in the event of an emergency.
4.  The desired time, day, and duration of the Picketing activity.

iii.    Form

Registration forms may be provided and made available at the Office of the Marshall County Chairman, or his designee, for those desiring to use them, but no particular form need be used if the registrant supplies in writing the information required by this Section.

c.  Duration

Proof of approval of picketing activity shall be required on a daily basis when the picketing occurs.

2.2     Permit Requirements and Procedures

The Marshall County Commission Chairman, or his designee, without regard to the viewpoint of the proposed Picketing, shall issue a permit upon the submission of a Registration upon finding the following:

a.  No Conflict

No other individual, group, or organization has received a Picketing permit for the same time, day, and location.

b. Compliance

The Picketing sought to be permitted will comply with the standards, rules, and minimum requirements of this Resolution.

Permits shall be issued by the Marshall County Commission Chairman, or his designee, on a first come first serve basis, but the Marshall County Commission Chairman, or his designee, is permitted to exercise objective, nonbiased adjustments in the event one individual, group, or organization has not had an equal opportunity to engage in Picketing due to conflicts. Said individual, group, or organization who has not had an equal opportunity to engage in Picketing may be given priority for a given date and time over the first registrant to Register to engage in Picketing on the same time, day, and location.

The Marshall County Commission Chairman, or his designee, shall not issue Permits that exceed a duration of three (3) consecutive days or six (6) nonconsecutive days. The Marshall County Chairman, or his designee, shall not issue Permits for dates more than six (6) months in advance. The Marshall County Chairman, or his designee, shall not issue permits that are valid before 6:00 a.m. Central Time or after 8:00 p.m. Central Time.

The Marshall County Commission Chairman, or his designee, shall include a copy of this Resolution, and the Marshall County Commission Chairman, or his designee, shall verbally make the registrant aware of said standards, rules, and minimum requirements for Picketing of this Resolution.

Issuance decisions shall be made as soon as reasonably possible, but no later than seventy-two hours (72) hours from the time the initial Permit application is submitted. Should an issuance decision not be made within seventy-two hours (72) the requested permit will be deemed granted.

The Marshall County Commission Chairman, or his designee, may issue badges to be worn by those permitted to engage in Picketing in order for courthouse guards and the Marshall County Sheriff's Department to identify those who are permitted to engage in Picketing.

3.1    Rules, Standards, and Minimum Requirements for Picketing

a.  A picketer, permittee or registrant shall not block entrances or exits to the courthouse or otherwise obstruct, delay, or interfere with the free movements of any other person or seek to coerce or physically disturb any other person.

b.  A picketer, permittee or registrant shall not use sound or voice amplification systems, musical instruments, radio communication systems, or other electronic or mechanical sound devices in conjunction with any Picketing.

c.  Signs, placards, banners, or other material used in conjunction with Picketing shall not be affixed to the exterior of any building, sign, barrier, fences or monument.

d.  There shall be no more than thirty (30) persons Picketing at any given time.

e. No picketer, permittee, or registrant shall have a firearm or other weapon on their person while Picketing.

f. A picketer, permittee or registrant shall not erect structures, including canopies and tents.

g. A picketer, permittee or registrant shall not engage in Picketing while within twenty-one (21) feet of the exteriors of the courthouse.

h. A picketer, permittee, or registrant shall neither stand upon nor damage monuments on courthouse grounds, nor shall a picketer, permittee, or registrant come within areas zoned off with barriers surrounding monuments.

i. A picketer, permittee, or registrant shall not use chalk, paint, spray paint, or any other instrument or material to leave markings on the courthouse building, sidewalks, or monuments.

j. If the Marshall County Chairman, or his designee, has issued badges pursuant to Section 2.2, the picketers, permittees, and registrant shall visibly wear them while engaging in Picketing.

3.2    Enforcement of Rules, Standards, and Minimum Requirements for Picketing

On duty courthouse guards, Marshall County Sheriff's Deputies and Designated Officials, and relevant Municipal Police Officers may enforce the rules, standards, and minimum requirements for Picketing through warnings, and if there is no compliance after one or more warnings, remove an offending individual or individuals from courthouse grounds, and if a group becomes violent, threatening, menacing, or unruly, take actions to disperse the crowd from courthouse grounds.


James Hutcheson,
Chairman, County Commission


Ronny Shumate,
Commissioner, District 1


Lee Sims,
Commissioner, District 3


Jack Watson,
Commissioner, District 2


Joey Baker,
Commissioner, District 4

# Exhibit "C"

| MARSHALL COUNTY COMMISSION | REQUEST TO SPEAK AT COMMISSION MEETING |
|---|---|
| **Name** | Wright II, Gary Wayne |
| **Current Address & Phone Number** | 103 Moyberry Lane Arab, AL 35016 (256) 640-7749 |
| **Topic of Discussion** | Unconstitutionality of county "Pickering Resolution" |
| **Speaking on behalf of** | Citizens of Marshall County |

I understand that I am limited to (3) minutes to speak per Rules of Procedure adopted October 1, 2005. No person may speak more than once on the same subject unless specifically granted permission by the Chairman.

_____   4/28/2022
**Signature**                              Date

_____
Approving Signature - Chairman/Administrator

21

# Exhibit "D"

## RESOLUTION

**WHEREAS** the County Commission has the authority to direct, control, and maintain property of the county pursuant to Title 11, Subtitle 1, Chapter 3, Article 1, Section 11, Subsection (a)(1), Alabama Code (1975);

**WHEREAS** on December 9, 2020 the County Commission adopted a resolution pertaining to Picketing in, at, or around the Marshall County Courthouses (herein the "2020 Picketing Resolution").

**WHEREAS** the County Commission desires to prohibit Picketing, as defined in the aforementioned resolution, at, in, or around the property of the County, which is not a public forum, in order to discourage, prevent, and preclude interruptions to governmental services provided by the County.

**NOW THEREFORE, BE IT RESOLVED BY THE COUNTY COMMISSION AS FOLLOWS:**

Any individuals, groups, or organizations are hereby prohibited from Picketing, as defined in by the 2020 Picketing Resolution, at, near, or proximately around the Marshall County Animal Control Shelter, the County Commission District Offices, the Marshall County Sheriff's Office, the Marshall County Jail, the Marshall County District Attorney Annex, the Marshall County Probate Office Annexes, and any other property owned, operated, and/or maintained by the County Commission which is not open to the general public. Expressly excluded from the aforementioned prohibition is any County owned, operated, and/or maintained parks, sidewalks, areas the County Commission has designated as public forums, or any traditionally public forums as defined by applicable law.


_____
James Hutcheson,
Chairman, County Commission



_____
Ronny Shumate,
Commissioner, District 1

_____
Lee Sims,
Commissioner, District 3



_____
Rick Watson,
Commissioner, District 2

_____
Joey Baker,
Commissioner, District 4