IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **GARY WAYNE WRIGHT, II** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL CASE NO. |
| | ) 4:22-cv-00615-SGC |
| **MARSHALL COUNTY, ALABAMA,** | ) |
|  et.al | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Marshall County and Marshall County Sheriff Phil Sims, in his official capacity, hereby respectfully file this Reply to Plaintiff's Response to their Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 56, as follows:

1. First, Plaintiff's attempt to use this Court to enforce his opinion about public monuments is inappropriate. The First Amendment "does not regulate government speech," specifically including the placement of monuments. *Pleasant Grove City, Uta v. Summum*, 555 U.S. 460, 467 (2009). Further, this Court's jurisdiction is limited to deciding certain questions of law pursuant to the jurisdiction granted to it by the United States Constitution and Congress. *See, e.g.*, *TransUnion LLC v. Ramirez*,

594 U.S. 413, 423-24 (2021) ("Federal courts do not possess a roving commission to publicly opine on every legal question.  Federal courts do not exercise general legal oversight…").  Federal courts do not have jurisdiction to decide generalized grievances, nor do they exist to settle this kind of normative, fundamentally political dispute over whether it is "practical" to place such monuments on public property.  *See, e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013).

2. Plaintiff has not seriously contradicted Defendants' classification of the various fora at issue in this case.  He does contend that the Guntersville courthouse complex is a "mixed forum" because of the presence of the courthouse café and other government offices, although he does not provide either authority for or explanation of this concept.[1]  (Doc. 59, pg. 3).  Further, the fact that a restaurant may be one of the conveniences available inside a courthouse still does not transform it into anything other than a nonpublic fora, and courthouses are not the only type of government building to which access may be restricted.  *See U.S. v. Gilbert*, 920 F.2d 878 (11th Cir. 1991) (holding that inside of federal building containing cafeteria was nonpublic fora).  Plaintiff has not presented evidence of or explained the significance of the so-called "Commissioner's Table," but the fact that constitutionally protected speech may occur inside a building does not mean that it can be a free-for-all, as government may always

---

[1] For example, is Plaintiff attempting to suggest that protests should be allowed, but only in some parts of the building? Or is he arguing that the existence of the cafeteria means that protests are allowed throughout the building?

impose more stringent requirements on expressive conduct such as picketing versus pure speech. *Cameron v. Johnson*, 390 U.S. 611, 617 (1968).

3. Plaintiff's repeated invocation of the "right" to be "near the sight and sound of controversy" (Doc. 59, pgs. 3, 4) proves too much. It is clear that he believes that any restriction whatsoever on expressive activity abridges the freedom of speech, the right of peaceful assembly, and the right to redress grievances. This belief is incorrect. To be clear, Defendants do not assert, as Plaintiff suggests (Doc. 59, pg. 4), that a state or local government can enact more oppressive restrictions than Congress. The point is that regulating expressive activity does not automatically amount to abridging that activity. *See, e.g., Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789 (1984). The government may regulate the time, manner, and place of speech even in traditional public fora. *See Henderson v. McMurray*, 987 F.3d 997, 1002 (11th Cir. 2021). Reasonable, content-neutral restrictions are permitted in limited public fora. *See Keister v. Bell*, 461 F.Supp.3d 1152 (N.D. Ala. 2020), *aff'd* 29 F.4th 1239 (11th Cir. 2022); *see also Keister v. Bell*, 879 F.3d 1282 (11th Cir. 2018). And certain forms of expressive activity may be banned in nonpublic fora. *See U.S. v. Belsky*, 799 F.2d 1485 (11th Cir. 1986). The Resolutions in this case fit comfortably within the sphere of permissible regulation of expressive activity and do not violate the First Amendment.

4. There are two other specific points in the Response that need to be addressed. First, Defendants agree that attempting to place a lifetime limit on the amount

of permits that could be granted would be unconstitutional – but neither Resolution has attempted to do so. The only limit is on the number of permits that will be issued in a single application, which helps ensure that no one group can monopolize protest opportunities. Applicants for permits have plainly understood this system. (See Doc. 55-9, pg. 5)

5. Second, Plaintiff's assertion that "every facility that was successfully, safely, and peacefully marched on in the video were then specifically listed on the second Resolution, as it was targeting political speech with surgical precision" (Doc. 59, pg. 2) is frankly puzzling. The only video that has been submitted as evidence in this case is of a protest in downtown Albertville, which was submitted to show that the 2020 Resolution has obviously not impermissibly chilled speech. None of the County facilities deemed to be nonpublic fora in the 2023 Resolution are near this courthouse. (Doc. 55-2, pg. 2)

6. In the spirit of candor to the Court, Plaintiff had previously stated in discovery that the "courthouse protest route" contained locations covered by the 2023 Resolution. (Doc. 55-3, p. 9) Passing by a building on a public thoroughfare is of course a very different thing than "marching on" that location. More to the point, the undersigned was and is unable to ascertain which of these videos supposedly show a protest that would be affected by the 2023 Resolution, Doc. 55-2, pg. 2. A couple of videos clearly show Guntersville municipal facilities, which makes sense, as the City of

Guntersville was the target of the Travis Banks protests. It appears possible that Plaintiff may be confusing county and municipal facilities. Nevertheless, at summary judgment, Plaintiff has the burden of submitting substantial evidence to this Court to support his claims; he cannot meet this burden by conclusory assertions about what some unspecified evidence supposedly shows.

      7.     Plaintiff has not submitted any evidence whatsoever in support of his claims, nor does his Response cite any of Defendants' evidentiary submissions. He has failed to meet his burden of coming forth with substantial evidence that would establish that the 2023 Resolution is constitutionally unreasonable or that the permit requirement of the 2020 Resolution poses "an impermissible risk of suppression of ideas." *See U.S. v. Belsky*, 799 F.2d 1485, 1489 (11th Cir. 1986). Defendants are accordingly entitled to summary judgment.

      Wherefore, these premises considered, Defendant Marshall County and Sheriff Phil Sims, in his official capacity, hereby respectfully request that this Court enter summary judgment in their favor pursuant to Fed. R. Civ. Pro. 56.

      Respectfully submitted this the 28th day of March 2024.

          **s/Jamie H. Kidd Frawley**
          JAMIE H. KIDD FRAWLEY (ASB-7661-M76H)
          Attorney for Defendants
          WEBB, MCNEILL, & WALKER, P.C.
          P.O. Box 238
          Montgomery, AL 36101-0238
          (334) 262-1850 - T
          (334) 262-1772 - F
          jfrawley@wmwfirm.com

## CERTIFICATE OF SERVICE

 I hereby certify that on this the 28th day of March 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have served it via U.S. Mail on the following non-CM/ECF participant:

Gary Wayne Wright II *(pro se)*
3496 Wellington Road
Montgomery, AL 36106-2354

          **s/Jamie H. Kidd Frawley**
          OF COUNSEL